# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| COLIN J. BEST, | : | Civil No. 1:10-CV-1877 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| KYLE RUDE, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

I. **Statement of the Case**

This is a *pro se* civil rights case brought by a state prisoner, Colin Best, on September 8, 2010. (Doc. 1.) Best's complaint names his privately retained state criminal defense counsel as the sole Defendant. (Id.) While cast as a federal civil rights complaint, a review of this pleading reveals that it is, in essence, a fees dispute concerning the legal fees charged for the private representation of Best in his state criminal case. (Id.)

Along with his complaint, Mr. Best filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) While we will grant this motion, as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that the pleading fails to state a claim upon which relief can

1

be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed without prejudice.

## II. Discussion

### A. Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our

> opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right

3

to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

4

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

### B. Best's Complaint Fails to State A Claim Upon Which Relief Can be Granted

In this case, dismissal is warranted here because Best's pleadings fail to meet the substantive standards required by law, in that they do not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. (Doc. 1.) Best's legal vehicle for bringing a civil rights action in federal court is 42 U.S.C. §1983. It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the Plaintiff.

Moreover, any civil rights claims brought under §1983 must allege and prove that the Defendant was acting under color of law when that Defendant allegedly violated the Plaintiff's rights. With respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel. See, e.g., West v. Atkins,

487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, in the absence of some further well-pleaded facts, Best may not convert a fee dispute with his privately retained state criminal defense counsel into a federal civil rights lawsuit.

Since jurisdiction does not lie over this dispute in federal court as a civil rights matter due to Best's failure to properly plead any actions taken under color of state law, the only remaining basis for asserting federal jurisdiction in this case would be on the basis of diversity of citizenship. See 28 U.S.C. §1332. However, this matter plainly fails as a diversity lawsuit in federal court for at least two reasons: First, Best's complaint asserts that he and his former counsel are both residents of Pennsylvania, an immutable fact which defeats jurisdiction based upon diversity of citizenship. Second, the amount in dispute, as alleged by Best, falls well below the jurisdictional threshold of $75,000 prescribed by law for diversity cases in federal court. 28 U.S.C. §1332(a).

Thus, on its face, Best's complaint fails to allege facts which would confer jurisdiction upon this Court to hear his dispute. Since we lack jurisdiction to consider this matter, it is recommended that the complaint be dismissed. We recognize that in civil rights cases *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is

clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, while Best has not alleged facts that would give rise to federal jurisdiction, and it appears that he may be unable to do so, nonetheless out of an abundance of caution and in order to preserve Best's rights it is recommended that this matter be dismissed without prejudice to Best endeavoring to allege facts giving rise to jurisdiction in this Court.

Finally, we note that while federal law compels this ruling we understand what motivates Best in bringing this action. We are simply unable to grant him the relief he seeks in federal court. Rather, Best should understand that he must turn to the state courts to address these concerns. Those courts stand ready to hear, and decide, these issues.

### III. RECOMMENDATION

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by Best to allege facts which might give rise to federal jurisdiction.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties,

written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of September, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge